Appeal from a judgment (denominated order) of the Supreme Court, Livingston County (Robert B. Wiggins, A.J.), entered February 25, 2013 in a habeas corpus proceeding. The judgment directed respondents to release petitioner from custody.
It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs and the petition is dismissed.
*1556 Memorandum: Respondents appeal from a judgment granting the petition for a writ of habeas corpus on the ground that petitioner had served three years of unrevoked parole, thereby requiring New York State Department of Corrections and Community Supervision (DOCCS) to terminate his sentence (see Correction Law § 205 [4] [formerly Executive Law § 259-j (3-a)]). We agree with respondents that petitioner did not qualify for termination of his sentence, and we therefore reverse the judgment and dismiss the petition.
The record establishes that, in September 1999, petitioner was convicted of criminal possession of a controlled substance in the second degree in violation of Penal Law § 220.18 (1), a class A-II felony offense, and was sentenced to an indeterminate term of incarceration of eight years to life. Petitioner was released to parole supervision on May 15, 2007, but in March 2010, he was charged with multiple parole violations. A final parole revocation hearing was held on May 18, 2010, during which petitioner pleaded guilty to a parole violation he had committed on January 22, 2010. The parole violation was sustained and petitioner’s parole was revoked.
“Correction Law § 205 provides, in pertinent part, that DOCCS ‘must grant termination of sentence after three years of unrevoked presumptive release or parole to a person serving an indeterminate sentence for a class A felony offense defined in [Penal Law article 220 or 221]’ ” (Matter of Miller v New York State Dept. of Corr. & Community Supervision, 105 AD3d 677, 677 [2013]). Although petitioner’s parole was not revoked until May 18, 2010, i.e., more than three years from the date of his release to parole supervision, “that revocation had the effect of interrupting his indeterminate sentence retroactively as of the date of his delinquency,” which was January 22, 2010 (id.; see Penal Law § 70.40 [3] [a]). Thus, because petitioner’s sentence was interrupted as of January 22, 2010 (see § 70.40 [3] [a]), he was not “serving an indeterminate sentence” on May 15, 2010, i.e., three years from the date he was released to parole supervision, as required by Correction Law § 205 (4), and he therefore was not entitled to termination of his sentence.
Present — Smith, J.P, Fahey, Lindley, Valentino and DeJoseph, JJ.